UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNQUAIL T. KENNEDY,

        Petitioner,

v.                                                                   Case No. 19-C-1281

BRIAN FOSTER,

        Respondent.

# SCREENING ORDER

On September 3, 2019, Petitioner Unquail T. Kennedy, who is currently incarcerated at Waupun Correctional Institution, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner was convicted in Milwaukee County Circuit Court of one court of first-degree reckless homicide and one count of possessing a firearm as a person previously adjudicated delinquent for a felonious act and was sentenced to twenty-three years of initial confinement and twenty years of extended supervision.

I must give the case prompt initial consideration pursuant to Rule 4 of the Rules Governing § 2254 Cases, which reads:

> If it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion, or other response within a fixed time . . . .

Rule 4, Rules Governing § 2254 Cases. During my initial review of habeas petitions, I look to see whether the petitioner has set forth cognizable constitutional or federal law claims and exhausted available state remedies.

On March 4, 2013, Marcell Alexander was fatally shot in the abdomen while at his girlfriend's apartment. Petitioner and Isiah Smith were charged with the underlying homicide and were tried separately. At his trial, Petitioner did not dispute that he was at the scene when Alexander was shot. He testified that he thought Smith and Alexander were merely play fighting, even though he heard a gunshot and saw Alexander on the floor. On direct examination, Petitioner testified that he did not realize Alexander had been shot because he believed a shooting would be like "a movie. Like when somebody gets shot, blood is everywhere. Like on the walls, on people's clothes. I didn't see none of that." Dkt. No. 1-1 at 10 (alterations omitted). On cross-examination, the prosecutor asked Petitioner whether he witnessed the homicide of his sister's boyfriend when he was a child. Petitioner testified that he had not previously witnessed a homicide. When the prosecutor asked Petitioner to confirm that he told the detectives something different, Petitioner first testified that he had not said anything inconsistent to the detectives but later stated he did not recall telling the detectives that he witnessed a homicide as a child.

The petition, here, is governed by the Antiterrorism and Effective Death Penalty Act (AEDPA), 28 U.S.C. § 2254. Under AEDPA, a federal court may grant habeas relief only when a state court's decision on the merits was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by" decisions from the Supreme Court, or was "based on an unreasonable determination of the facts." 28 U.S.C. § 2254(d); *see also Woods v. Donald*, 135 S. Ct. 1372, 1376 (2015). A state court decision is "contrary to . . . clearly established Federal

2

law" if the court did not apply the proper legal rule, or, in applying the proper legal rule, reached the opposite result as the Supreme Court on "materially indistinguishable" facts. *Brown v. Payton*, 544 U.S. 133, 141 (2005). A state court decision is an "unreasonable application of . . . clearly established federal law" when the court applied Supreme Court precedent in "an objectively unreasonable manner." *Id.* This is, and was meant to be, an intentionally difficult standard to meet. *Harrington v. Richter*, 562 U.S. 86, 102 (2011). "To satisfy this high bar, a habeas petitioner is required to 'show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Woods*, 135 S. Ct. at 1376 (quoting *Harrington*, 562 U.S. at 103).

Petitioner asserts that his trial counsel provided ineffective assistance. A claim of ineffective assistance of trial counsel is governed by well-established law set forth by the United States Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984). Under *Strickland*, the petitioner must show (1) that counsel's representation was deficient in that it fell below an objective standard of reasonableness and (2) that counsel's deficient performance deprived the defendant of a fair trial. *Id.* at 687–88. A petitioner satisfies the first prong if he demonstrates that "counsel's representation fell below an objective standard of reasonableness." *Id.* To satisfy the second prong, a petitioner must demonstrate that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.*

"It is all too tempting for a defendant to second-guess counsel's assistance after conviction or adverse sentence, and it is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particularized act or omission of counsel was unreasonable." *Id.*

3

at 689. For this reason, the Supreme Court has made clear that "judicial scrutiny of counsel's performance must be highly deferential." *Id.* That is, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance," and that "the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Id.* (quoting *Michel v. Louisiana*, 350 U.S. 91, 101 (1955)).

Petitioner asserts that his trial counsel was ineffective by failing to object to what he claims was improper cross-examination regarding his prior experience witnessing a homicide. He contends that his trial counsel's failure to object allowed the prosecutor to introduce evidence from a 2006 homicide to discredit Petitioner. Although Petitioner concedes that this evidence was admissible, he claims that it was extremely prejudicial.

"Habeas corpus petitions must meet heightened pleading requirements . . . ." *McFarland v. Scott*, 512 U.S. 849, 856 (1994) (citing 28 U.S.C. § 2254 Rule 2(c)). The petition must "specify all the grounds for relief available to the moving party," and "state the facts supporting each ground." Rule 2(c) of the Rules Governing § 2254 Cases; *see also Borden v. Allen*, 646 F.3d 785, 810 (11th Cir. 2011) ("The § 2254 Rules and the § 2255 Rules mandate "fact pleading" as opposed to "notice pleading," as authorized under Federal Rule of Civil Procedure 8(a)."). The reason for the heightened pleading requirement in habeas cases, as the Eleventh Circuit noted in *Borden*, is obvious:

> Unlike a plaintiff pleading a case under Rule 8(a), the habeas petitioner ordinarily possesses, or has access to, the evidence necessary to establish the facts supporting his collateral claim; he necessarily became aware of them during the course of the criminal prosecution or sometime afterwards. The evidence supporting a claim brought under the doctrine set forth in *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct.

4

> 1194, 10 L.Ed.2d 215 (1963), for example, may not be available until the prosecution has run its course. The evidence supporting an ineffective assistance of counsel claim is available following the conviction, if not before. Whatever the claim, though, the petitioner is, or should be, aware of the evidence to support the claim before bringing his petition.

*Id.* at 810. Were the rule otherwise, federal habeas would be transformed into "a vehicle for a so-called fishing expedition via discovery, an effort to find evidence to support a claim." *Id.* at 810 n.31.

Given the fact that a person seeking relief under § 2254 has already raised the same claim or claims for which he now seeks federal review in state court, and exhausted each level of review available in the state system, it should not be overly burdensome for the petitioner to describe those same claims with sufficient specificity to allow the federal court tasked with the job of screening his petition to determine whether a claim cognizable under § 2254 has been stated. This is not too much to expect of a petitioner before the State is ordered to undertake the task of filing an answer to the petition containing copies of all or almost all of the pleadings, hearing transcripts, and briefs filed in what is often a lengthy state court proceeding. Generally, this task is made significantly less difficult by attaching a copy of the state court decision or decisions that rejected the petitioner's claims, as the prescribed form petition that can be found at the Eastern District of Wisconsin website requires. It follows that Petitioner's conclusory allegations of "ineffective assistance of counsel" and that the evidence was "extremely prejudicial" are insufficient to state a claim for relief. Dkt. No. 1-2 at 7.

Even if Petitioner had sufficiently pleaded this ground for relief, the court finds that defense counsel's efforts did not fall below an objective standard of reasonableness. *Strickland* calls for deference to strategic decisions made by trial counsel, and courts do not second-guess counsel's

5

decision on when and how often to object. Petitioner's trial counsel may have decided not to object to the line of questioning regarding the 2006 homicide because he did not want to make a likely unsuccessful objection. Again, Petitioner does not dispute that his testimony related to the 2006 homicide was admissible. Counsel's decision to withhold objection was therefore within the range of professional competence. Petitioner's ineffective assistance of counsel claim on this basis accordingly fails.

Petitioner also asserts that his trial counsel was ineffective because counsel was unaware of discovery material disclosing a recorded interview with Petitioner from March 11, 2013, regarding the prior homicide. Petitioner concedes that he did not exhaust this claim in state court. A district court may not adjudicate a habeas petition that contains both exhausted and unexhausted claims. *See Rose v. Lundy*, 455 U.S. 509, 510 (1982). Rather than dismiss a petition containing both exhausted and unexhausted claims, "a district court might stay the petition and hold it in abeyance while the petitioner returns to state court to exhaust his previously unexhausted claims. Once the petitioner exhausts his state court remedies, the district court will lift the stay and allow the petitioner to proceed in federal court." *Rhines v. Weber*, 544 U.S. 269, 275–76 (2005). A stay should not be granted, however, when there is not good cause for the petitioner's failure to exhaust his claims in state court or when the unexhausted claims are plainly meritless. *Id.* at 257.

In this case, Petitioner's unexhausted claim is plainly meritless. On June 8, 2017, Petitioner filed a § 809.30 motion seeking a new trial on the basis that his trial counsel provided ineffective assistance by failing to object to improper cross-examination, among other reasons. Petitioner argued in his motion that the prosecutor's line of questioning lacked a good faith basis because the source of this information was unknown and could not be found in the discovery materials. In its

6

response to the motion, the State identified the source of the prosecutor's information regarding Petitioner's presence at a prior homicide as a recorded interview with Petitioner from March 11, 2013, which the State noted was included in the discovery materials turned over to the defense prior to trial. Petitioner did not dispute that the recorded interview was in fact included in the discovery materials or that the interview was accurately transcribed. Dkt. No. 101 at 5–6. Because it is undisputed that Petitioner's trial counsel was aware of the interview prior to Petitioner's trial, counsel was not deficient and therefore cannot be found to be ineffective on this basis. This claim must therefore be dismissed.

**IT IS THEREFORE ORDERED** that this petition is summarily dismissed pursuant to Rule 4 of the Rules Governing § 2254 Cases. The Clerk is directed to enter judgment dismissing the case.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED**. I do not believe that reasonable jurists would believe that Petitioner has made a substantial showing of the denial of a constitutional right.

Petitioner is advised that the judgment entered by the Clerk is final. A dissatisfied party may appeal this court's decision to the Court of Appeals for the Seventh Circuit by filing in this court a notice of appeal within 30 days of the entry of judgment. *See* Fed. R. App. P. 3, 4. In the event Petitioner decides to appeal, he should also request that the court of appeals issue a certificate of appealability.

Dated this  19th  day of September, 2019.

                                              s/ William C. Griesbach
                                              William C. Griesbach, Chief Judge
                                              United States District Court